## Elsesser *v.* Elsesser, Appellant.

*Divorce—Trial by jury—Verdict for appellant—Final decree by court—Necessity—Appeal without final decree—Appeal quashed.*

Where, in an action in divorce a jury trial is demanded and a verdict is rendered in favor of the libellant, the verdict of the jury determines the question of the fact involved in the issue submitted, but it is not the end of the proceeding.   With the facts involved in the issue established, the court must still determine the cause "as to law and justice shall appertain, by either dismissing the petition or libel, or sentencing and decreeing a divorce and

separation from the nuptial ties or bonds of matrimony, or that the marriage is null and void," as provided by the statute.

The discharge of this duty by the court necessarily involves the consideration of the evidence as to the marriage of the parties, the residence of the libellant within the Commonwealth for the period necessary to give jurisdiction, whether there has been collusion and all other material facts. It is only after the entry of "the final sentence or decree" that an appeal lies.

An appeal, taken on the verdict of the jury without the final sentence or decree by the court, is premature and will be quashed.

Argued November 13, 1922. Appeal, No. 272, Oct. T., 1922, by respondent, from judgment of C. P. Lancaster Co., Aug. T., 1921, No. 58, on verdict for libellant on a feigned issue in an action of divorce in the case of Clara E. Elsesser v. Charles M. Elsesser. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Appeal quashed.

Libel in divorce. Before LANDIS, P. J.

Issue awarded to ascertain by verdict of a jury if the defendant, who is the respondent in a divorce suit upon a charge of desertion, was guilty thereof.

The jury rendered a verdict in favor of the libellant. Respondent appealed.

*Errors assigned* were various rulings on evidence and charge of the court.

*B. F. Davis,* and with him *B. F. Davis, Jr.,* for appellant.

*William C. Rehm,* for appellee.

PER CURIAM, December 11, 1922:

This is a proceeding for divorce upon the ground of wilful and malicious desertion. The respondent filed an answer denying the allegation of libellant that he had deserted her and demanding a jury trial upon that alle-

gation of fact. The issue to be tried was framed in these words: "Did the respondent wilfully and maliciously desert the libellant on March 15, 1916, as charged in the libel and denied in the answer, and whether the same hath been persisted in or not?" The trial resulted in a verdict in favor of the libellant, upon the issue of fact thus joined. The court below refused a new trial and, judgment having been entered on the verdict of the jury, the defendant took this appeal.

The court below has not entered a final decree in this case. Under the provisions of the Act of March 13, 1815, section 2; 6 Smith's Laws 287, which regulates the procedure in divorce, "If either of the parties shall desire any matter of fact, that is affirmed by the one and denied by the other, to be tried by a jury, an issue shall be framed, and the same shall be tried accordingly." The issues of fact, if more than one, should be distinctly framed, and the jury should pass upon and find separately as to each. The verdict of the jury determines the questions of fact involved in the issues submitted, but it is not the end of the proceeding. With the facts involved in the issue established, the court proceeds to determine the cause "as to law and justice shall appertain by either dismissing the petition or libel, or sentencing and decreeing a divorce and separation from the nuptial ties or bonds of matrimony, or that the marriage is null and void," as provided by the 8th section of the statute. The discharge of this duty by the court necessarily involves the consideration of the evidence as to the marriage of the parties, the residence of the libellant within the Commonwealth for the period necessary to give jurisdiction, whether there has been collusion, and all other material facts. It is only after the entry of "the final sentence or decree" that an appeal lies. In the present case it remains for the court below to pass upon the material facts, not involved in the issue tried by the jury, and to enter a final decree, and for that reason, the appeal must be quashed.

Appeal quashed.