424 A.2d 950

PENSTAN SUPPLY, INC.

v.

**David T. HAY, Northwest Heating and Air Conditioning, Construction Concepts and Henry M. Whitehead, Appellants.**

Superior Court of Pennsylvania.

Argued Nov. 10, 1980.

Filed Jan. 23, 1981.

Francis J. Leahey, Jr., Ebensburg, for appellants.

William P. Kelly, Johnstown, for appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

WICKERSHAM, Judge:

This is an action in assumpsit that was tried before Judge Caram J. Abood sitting without a jury, who returned, on May 16, 1979, a verdict against all Defendants in the amount of $27,075.53 with interest from January 1, 1978.

Plaintiff-appellee, Penstan Supply, Inc., had sold plumbing supplies to defendants-appellants in 1977 for use by said defendants in plumbing work in the Johnstown area following the July 1977 flood.

Following the non-jury verdict exceptions were filed, briefed and argued pursuant to the provisions of Pa.R.C.P. No. 1038.[1]

1. **Rule 1038. Trial without Jury**

(a) Except as otherwise provided in this rule, the trial of an action in assumpsit, by a judge sitting without a jury, shall be conducted as nearly as may be as a trial by jury is conducted and the parties shall have like rights and privileges, including the right to suffer or move for nonsuit.

(b) The decision of the trial judge may consist only of general findings as to all parties but shall dispose of all claims for relief. The trial judge may, if he wishes, include as part of the decision specific findings of fact and conclusions of law with appropriate discussion.

(c) The decision may be made orally in open court at the end of the trial, and in that event shall be forthwith transcribed and filed in the office of the prothonotary, or it may be made thereafter in writing and filed forthwith. In either event the prothonotary shall notify all parties or their attorneys of the date of filing. The trial judge shall render his decision within seven (7) days after the

On October 10, 1979 the Cambria County Court en banc filed an order dismissing the exceptions filed on behalf of the defendants, Construction Concepts and Henry M. Whitehead.[2]

An appeal was then taken to this court without final judgment having been entered. The appeal will be quashed.

■ Before we may consider appellant's contentions, we must determine whether the appeal from the lower court's order is properly before us. Although the appellee does not raise this issue, appealability of an order goes to the appellate court's jurisdiction and may be raised *sua sponte*. *Williams v. Williams*, 253 Pa.Super. 444, 385 A.2d 422 (1978); *Polascik v. Baldwin*, 245 Pa.Super. 1, 369 A.2d 263 (1976); 42 Pa.C.S.A. § 704(b)(2).

conclusion of the trial except in protracted cases or cases of extraordinary complexity.

(d) Within ten (10) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters. No motion for a new trial, for judgment non obstante veredicto, in arrest of judgment or to remove a nonsuit may be filed.

*Note:* The time for filing post-trial motions after jury and equity trials is also ten (10) days. See Business of the Court Rule 227.1 and Equity Rules 1512 and 1518.

(e) The prothonotary shall, on praecipe, enter final judgment on the decision if no exceptions have been filed within the ten (10) day period or if a waiver in writing of the right to file exceptions signed by all parties has been filed. Except as provided by Rule VII of the Special Rules, Court of Common Pleas, First Judicial District, Philadelphia County, promulgated July 31, 1963, exceptions shall be heard by the court en banc, which shall sustain or dismiss them in whole or in part, affirm, modify or reverse the decision, direct the entry of judgment in favor of any party, or order a new trial as to all or any of the issues or parties. The prothonotary shall immediately give written notice by ordinary mail to each party who has appeared in the action or to his attorney of record of the entry of the final judgment or of any other order of the court.

*Note:* See Rules 1012 and 1025 as to requirement of addresses within the Commonwealth on appearances and pleadings.

2. The remaining defendants had never entered appearance nor defended the action.

■ An order dismissing exceptions following a trial without jury is in the same category as an order refusing a new trial. It is interlocutory and unappealable. The appeal should not be filed and may not be entertained until a final judgment is entered.[3]

Pa.R.C.P. 1038(e) clearly states that final judgment shall be entered. Pa.R.C.P. 1039 provides:

**Rule 1039. Entry of Judgment upon Praecipe of a Party**

In addition to the provisions of any Rule of Civil Procedure or Act of Assembly authorizing the prothonotary to enter judgment upon praecipe of a party, the prothonotary shall enter judgment upon praecipe of a party in the following instances:

(1) Upon a verdict of a jury, if no timely post trial motion is filed.

(2) When a court grants or denies relief, but does not itself enter judgment or order the prothonotary to do so.

*Note:* See Rule 237 requiring notice of filing of praecipe for judgment. For illustrative Rules of Civil Procedure specifically authorizing entry of judgment by the prothonotary on praecipe of a party, see Rules 1037, 1047, 1128, 1265(a), 1272(d), (e), 1276(a), 1277, 1511, 1519(a), 1659, 3031(a) and 3146.

For rules authorizing the prothonotary to enter judgment on praecipe of a party where no exceptions are filed to the decision of the court in a non-jury trial or in an equity action, see Rules 1038(e) and 1519.

**3.** "We have repeatedly advised the profession that an order refusing a new trial is interlocutory and is unappealable. Cf. *Bartkewick v. Billinger*, 430 Pa. 207, 241 A.2d 916 (1968), and cases cited therein. The appeal should not be filed and may not be entertained until a final judgment is entered." *Slagter v. Mix*, 441 Pa. 272, 272 A.2d 885 (1971). Pa.R.A.P. 301(c) provides:

Orders not appealable. A direction by the lower court that a specified judgment, sentence or other order shall be entered, unaccompanied by actual entry of the specified order in the docket, or a direction that a verdict of a jury be recorded or entered, or an order denying a motion for a new trial, does not constitute an appealable order. Any such order shall be reduced to judgment and docketed before an appeal is taken.

562

Added, effective April 19, 1971; amended March 28, 1973, effective July 1, 1973.

The appeal is quashed.