429 A.2d 34

Cherie UNTERBERGER, Stanley Schlesinger, the Fidelity
Bank, Trustees Under the Will of Herbert
Unterberger, Appellants,

v.

LIFE ASSURANCE COMPANY OF PENNSYLVANIA.

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed April 24, 1981.

Roger J. Harrington, Philadelphia, for appellants.

M. Melvin Shralow, Philadelphia, for appellee.

Before SPAETH, BROSKY and HOFFMAN, JJ.

PER CURIAM:

This is an action in assumpsit, brought by appellants as trustees under the will of Herbert Unterberger to recover under an insurance policy issued by appellee on Unterberger's life. Appellee refused payment on the ground that in applying for the policy, Unterberger misrepresented his medical history. The appeal must be quashed.

The lower court heard the case without a jury. On March 30, 1979, the lower court's finding for appellee was docketed. On April 11, on appellee's praecipe, judgment was entered. On April 19 appellants moved for leave to file exceptions nunc pro tunc. On June 11 the lower court filed an order opening the judgment and granting leave to file exceptions within 10 days. Exceptions were filed. On September 14 the lower court filed an order denying the exceptions. On September 25 the lower court filed another order, which read, "Ordered and decreed that the plaintiff's exceptions are denied and the rule dismissed." This appeal is from the September 25 order.

Pa.R.A.P. 301(c) provides that "an order denying a motion for a new trial . . . does not constitute an appealable order." "An order dismissing exceptions following a trial without a jury is in the same category as an order refusing a new trial." *Penstan Supply, Inc. v. Hay,* 283 Pa.Super. 558, 560, 424 A.2d 950, 951 (1981). Such an order does not become appealable until, "on praecipe of any party," Pa.R.A.P. 301(d), it is "reduced to judgment and docketed," Pa.R.A.P. 301(c). *And see* Pa.R.C.P. 1038(e). The requirement that judgment be docketed is jurisdictional. *Penstan Supply, Inc. v. Hay, supra.* Here, the lower court's order of September 25 dismissing appellants' exceptions was never reduced to judgment and docketed. The next entry on the docket is "Oct. 4 1979 Notice of Appeal." [1]

Appeal quashed.

1. We acknowledge that we do not understand the purpose of the lower court's order of September 25. As recited in stating the case, the lower court had already dismissed appellants' exceptions by its order of September 14. The order of September 25 therefore appears

superfluous. Also, we do not understand the direction in the order of September 25 that "the rule [is] dismissed." It does not appear from the docket that a rule ever issued. In any event, whatever the purpose and exact meaning of the order of September 25 may be, the order may not be read as a judgment, nor have appellants claimed that it may be so read.

Finally, we note that an appeal taken on October 4 would have been timely even if taken from the lower court's order of September 14. However, the order of September 14 was not reduced to judgment and docketed either, so that such an appeal would also have been quashed.