429 A.2d 659

**Allan N. LASHNER, Appellant,**

v.

**REDEVELOPMENT AUTHORITY OF the CITY OF PHILADELPHIA.**

Superior Court of Pennsylvania.

Argued March 21, 1979.

Filed May 8, 1981.

Ronald H. Surkin, Philadelphia, for appellant.

Peter A. Galante, Philadelphia, submitted a brief on behalf of appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

CERCONE, President Judge:

■ Factually, this case involves a dispute over an "all areas" contract to demolish certain buildings in the City of Philadelphia. Procedurally, the matter arises from an action in assumpsit which was filed in the Court of Common Pleas of Philadelphia County on March 23, 1973, by Allan Lashner, appellant, against the Redevelopment Authority of Philadelphia (hereinafter Redevelopment Authority), appellee. Preliminary objections to the complaint were filed by the Redevelopment Authority and dismissed on May 30, 1973. Thereafter, the Redevelopment Authority filed an answer and new matter. Lashner replied to the new matter and the case was at issue. A non-jury trial was held before the Honorable Lawrence Prattis on October 4 and 5, 1977. On October 19, 1977, Judge Prattis entered findings of fact and conclusions of law denying Lashner's claims in their entirety. Lashner then filed exceptions to the findings of fact and conclusions of law, which exceptions were overruled on August 16, 1978, after full briefing and oral argument. In an order dated August 16, 1978, Judge Prattis adopted the earlier findings of fact and conclusions of law as his final

order. Appellant took his appeal from this August 16, 1978, order of court. As this appeal was taken to our Court without final judgment having been entered, the appeal will be quashed.[1]

▆ Just recently we noted that an order dismissing exceptions following a trial without jury is akin to an order refusing a new trial and that it is unappealable. *Penstan Supply, Inc. v. Hay, supra,* 283 Pa.Super. at 558, 424 A.2d 950. *See also Slaseman v. Myers,* 285 Pa.Super. 167, 427 A.2d 165 (1981). According to the mandate of Pa.R.A.P. 301(c), such an order "shall be reduced to judgment and docketed before an appeal is taken." Where the lower court grants or denies relief but fails either to enter judgment or to order the prothonotary to do so, judgment is to be entered upon praecipe of any party. *See* Pa.R.C.P. 1039 and Pa.R. A.P. 301(d). Having failed to comply with the procedural requisites for an appealable order, this appeal is quashed.

The appeal is quashed.

▆▆▆▆▆▆▆

---

1. Because the appealability of an order concerns the jurisdiction of an appellate court, it may be raised, as here, *sua sponte. Penstan Supply Inc. v. Hay,* 283 Pa.Super. 558, 424 A.2d 950 (1981); *Williams v. Williams,* 253 Pa.Super. 444, 385 A.2d 422 (1978); 42 Pa.C.S.A. § 704(b)(2).