429 A.2d 1134

Joseph A. WALHEIM and Mary Joan Walheim as Parents and Natural Guardians of Thomas P. Walheim and Joseph A. Walheim and Mary Joan Walheim in their own right, Appellants,

v.

Donald KIRKPATRICK and Portia B. Kirkpatrick, his wife.

Superior Court of Pennsylvania.

Argued Sept. 11, 1980.

Filed May 15, 1981.

John F. Ledwith, Philadelphia, for appellants.

Louise Herzl-Betz, Philadelphia, for appellees.

Before CERCONE, President Judge, and WICKERSHAM and VAN der VOORT, JJ.

CERCONE, President Judge:

This appeal comes to us from a single order denying plaintiff-appellants' motions for new trial and for judgment non obstante veredicto. The order has not been reduced to judgment on the verdict.

 The denial of a motion for judgment n. o. v. is a final and appealable order. See *Corabi v. Curtis Publishing Co.*, 441 Pa. 432, 439, 273 A.2d 899, 903 (1971), Pa.R.App.P.

341; but *cf. Pennstan Supply, Inc. v. Hay,* 283 Pa.Super. 558, 424 A.2d 950 (1981), and Pa.R.App.P. 301(c), (no appeal will lie from an order denying a motion for new trial unless reduced to judgment). It would appear that, absent some peculiarity in the order itself, an appeal from a docketed order denying such a motion is proper. Given the opportunity to do so, we could review the lower court's denial of judgment n. o. v., but that opportunity is not to be found here because appellants have not raised the issue; since the question has been waived, we need not consider it. The effect of the waiver is to affirm, or let stand, that portion of the order which denies the motion for judgment n. o. v.

■ In contrast to the denial of a motion for judgment n. o. v., the denial of a motion for new trial is not an appealable order. Rule 301(c) of the Rules of Appellate Procedure specifically provides that such an order may only be appealed once it has been reduced to judgment. The rule reads:

> (c) Orders not appealable. A direction by the lower court that a specified judgment, sentence or other order shall be entered, unaccompanied by actual entry of the specified order in the docket, or a direction that a verdict of a jury be recorded or entered, or an order denying a motion for a new trial, does not constitute an appealable order. Any such order shall be reduced to judgment and docketed before an appeal is taken. Pa.R.App.P. 301(c).

There having been no compliance with the mandate of Rule 301(c), the appeal of the denial of the motion for new trial is not properly before us and ought to be quashed. *See Pennstan Supply, Inc. v. Hay, supra.* And see *Slagter v. Mix,* 441 Pa. 272, 272 A.2d 885 (1971).

The appeal from that portion of the lower court's order denying the motion for new trial is hereby quashed; that portion of the lower court's order denying the motion for judgment non obstante veredicto is affirmed.

Quashed in part and affirmed in part.