434 A.2d 161

**Robert C. ALOI**

v.

**Mary Jo ALOI, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1980.

Filed Aug. 21, 1981.

126

Edward F. Urbanik, Pittsburgh, for appellant.

Robert Raphael, Pittsburgh, for appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order denying exceptions to the master's report in a divorce action and refusing to reopen the report. After the appeal was taken the lower court entered a divorce decree in favor of appellee. We have concluded that we must quash the appeal, as from an interlocutory order, and vacate the decree, as entered without jurisdiction.

On November 29, 1978, appellee filed his complaint in divorce. A master was appointed, and after at least one postponement a master's hearing was scheduled for July 3, 1979. Appellant filed a motion for a delay in the master's hearing until after her petition for counsel fees and expenses had been heard, but on July 2 the lower court denied the motion. The master's hearing was therefore held as scheduled. Neither appellant nor her counsel attended the hearing. About midway through the hearing an associate of

appellant's counsel did appear to place on the record his objection to the hearing being held at that time and to state that a stay of the hearing was then being requested in this court. The request for a stay, presented in the form of a petition for review, was denied by this court that same day and by the Supreme Court on August 7, 1979.

On October 12, 1979, the master filed his report recommending that a divorce be granted, and twelve days later appellant filed exceptions of a boilerplate variety. At some point appellant also presented a petition to re-open the master's report. It is not clear from the record just when or how this petition was presented. Appellant states in her brief that she "sought to re-open" before the master filed his report. Brief at 3. Appellee's brief indicates that the petition was filed at the same time as the exceptions to the master's report. Brief at 5. According to the lower court's docket entries, the petition was filed on June 2, 1980, which was almost four months after the appeal to this court was taken. In any event, when appellant's exceptions to the master's report came before the court en banc for argument, appellant's counsel told the court that he did not deny that the record as it existed established a case for divorce but that the petition to re-open the master's hearing had not been disposed of. Appellant's brief to the court en banc also failed to argue the exceptions and was limited to the petition to reopen. In view of appellant's brief and the concession at oral argument that the record as it existed did establish a case, the court en banc saw the petition to re-open as being the only matter before it. With regard to the petition, the court believed that it was in effect being asked to find that the judge who had denied appellant's motion for a delay in the master's hearing on July 2 had been wrong. The court noted that "[a] long line of cases has held that the decision of one judge of the Court of Common Pleas should not be reviewed by another judge of the same court, absent a change in circumstances. [Citations omitted.]" Slip op. at 2. The court then entered an order dated January 31, 1980, dismissing the exceptions and denying the petition to re-open. It was from that order that this appeal

was taken on February 12. On February 14, 1980, the court entered a decree of divorce.[1]

—1—

▇ Our jurisdiction is limited to appeals from final orders and to such appeals from interlocutory orders as authorized by law or permitted upon certification by the lower court. 42 Pa.C.S.A. §§ 702, 742; Pa.R.A.P. 301–312. The question of jurisdiction is one that we not only may but are required to raise *sua sponte*. *Penstan Supply, Inc. v. Hay*, 283 Pa.Super. 553, 424 A.2d 950 (1981).

▇ An order dismissing exceptions and refusing to reopen a master's report is not a final order nor is it made appealable by any statute or general rule. Although entitled to careful consideration, the recommendation and findings of a master in a divorce action are only advisory; the lower court must still independently satisfy itself that a grant of a divorce is proper. *Rankin v. Rankin*, 181 Pa.Super. 414, 124 A.2d 639 (1956); *Rinoldo v. Rinoldo*, 125 Pa.Super. 323, 189 A. 566 (1937).

▇ In *Elsesser v. Elsesser*, 80 Pa.Super. 117 (1922), we quashed an appeal taken from a jury verdict, noting that even when the facts had been conclusively determined by the jury, it was still the duty of the lower court to determine whether under the law a divorce was proper, and that only after the entry of a final decree was an appeal proper. In *Steinman v. Steinman*, 144 Pa.Super. 193, 18 A.2d 816 (1941), the appeal had been taken from an order directing that a decree be entered when certain costs were paid. Although we did consider the merits, we repeated that only the final decree was properly appealable. Here, when the appeal was taken, the lower court had not gone so far as the court in *Steinman*.

1. Appellant's brief shows that she is fully aware that her appeal was not taken from the divorce decree. As part of her argument she states, "Here the Court issued a decree *after* the appellant filed a notice of appeal from the order denying the petition to re-open the hearing and exceptions to the master's report." Brief at 7–8 (emphasis in original). However, she does not explain why she believes the lower court's order of January 31 to be a final order, although she so characterizes it in her statement of jurisdiction.

–2–

█ Although the lower court's order of January 31, 1980, was not appealable, even an improper appeal divests the lower court of jurisdiction to proceed further. Pa.R.A.P. 1701(a); *Weise v. Goldman,* 229 Pa.Super. 187, 323 A.2d 31 (1974). Certain exceptions are provided by Pa.R.A.P. 1701(b) but the entry of a final decree of divorce is not one of them. Nor may it be maintained that the entry of a final decree of divorce after the dismissal of exceptions to a master's report recommending a divorce is a perfunctory matter. Such a decree is not perfunctory, because, as discussed above, it requires an independent determination by the court that a divorce is proper. *And see* 3 Goodrich-Amram 2d § 1135:2; 15 Standard Pennsylvania Practice 425. It may be contrasted to the entry of judgment following dismissal of exceptions in an assumpsit action tried without a jury, which can be accomplished by either party merely on praecipe. *See Penstan Supply, Inc. v. Hay, supra.* Therefore, once this appeal was taken albeit from an unappealable interlocutory order, the lower court had no power to enter a final decree.

Appeal quashed and divorce decree vacated.