434 A.2d 1267

Steven GADBOIS and Judith A. Gadbois, Appellants,

v.

LEB–CO BUILDERS, INC.

v.

BETHEL TOWNSHIP.

Stephen GADBOIS and Judith A. Gadbois

v.

LEB–CO BUILDERS, INC.

v.

BETHEL TOWNSHIP, Appellant.

Larry P. FOX and Glenda M. Kreiser, Appellants,

v.

LEB–CO BUILDERS, INC.

v.

BETHEL TOWNSHIP.

Larry P. FOX and Glenda M. Kreiser

v.

LEB–CO BUILDERS, INC.

v.

BETHEL TOWNSHIP, Appellant.

Superior Court of Pennsylvania.

Argued May 12, 1981.

Filed Sept. 4, 1981.

George E. Christianson, Lebanon, for appellants (at Nos. 2687 & 2688) and for appellees (at Nos. 2818 & 2819).

Frederick S. Wolf, Lebanon, for Leb-Co, Appellee.

Thomas S. Long, Lebanon, for appellant (at Nos. 2818 & 2819) and for appellee (at Nos. 2687 & 2688).

Before MONTEMURO, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

■■■ Following a nonjury trial in these consolidated actions in trespass and assumpsit, the lower court rendered a decision awarding plaintiffs Steven and Judith A. Gadbois and Larry P. Fox and Glenda M. Kreiser substantial damages for loss of value to their respective properties. Defendant Leb-Co Builders, Inc. and additional defendant Bethel Township subsequently filed exceptions challenging various aspects of the court's decision. The court sustained the exceptions to the method of calculating plaintiffs' property

damage, reducing the damages sharply, and denied the remaining exceptions in the order from which the present appeals are taken. We are unable to reach the merits, however, because the order disposing of the exceptions has not been reduced to judgment and docketed. It is settled that an order disposing of exceptions following a nonjury trial is interlocutory and nonappealable. *Heffner v. Bock*, 287 Pa.Super. 345, 430 A.2d 318 (1981). *See also Lashner v. Redevelopment Authority of the City of Philadelphia*, 286 Pa.Super. 549, 429 A.2d 659 (1981); *Unterberger v. Life Assurance Co. of Pennsylvania*, 286 Pa.Super. 469, 429 A.2d 34 (1981); *Slaseman v. Myers*, 285 Pa.Super. 187, 427 A.2d 165 (1981); *Penstan Supply Co. v. Hay*, 283 Pa.Super. 558, 424 A.2d 950 (1981). "Such an order does not become appealable until, 'on praecipe of any party,' Pa.R.A.P. 301(d), it is 'reduced to judgment and docketed,' Pa.R.A.P. 301(c). *And see* Pa.R.C.P. 1038(e). The requirement that judgment be docketed is jurisdictional." *Unterberger v. Life Assurance Co. of Pennsylvania, supra* 286 Pa.Super. at 470, 429 A.2d at 35. Because this requirement has not been met in the present case, the appeals are premature and must be quashed.

Appeals quashed.

MONTEMURO, J., files a dissenting opinion.

MONTEMURO, Judge, dissenting:

The instant action was the consolidation of two cases brought by home owners of adjacent properties against the builder-vendor of their homes. The Township was joined by the builder-vendor as additional defendant because of its considerable involvement in the issuance of permits for, and inspection of, the septic systems that utterly failed.

The matter has been to trial and re-heard on Exceptions by the Lower Court; briefs and reproduced record were submitted to this court and the matter has been argued.

Review of the record shows desperate efforts by the appellants, who have lived with an horrendous situation for three years at date of the writing of this dissent. In fact, an entire neighborhood of some thirty homes has been subjected to the problems presented by six open pits, two of which measure 10' x 20' x 10', and all of which are filled with human excrement and clusters of maggots floating on raw sewage water.

To quash the appeal to this court at this time on the technical objection that the appellants' attorney did not file the one last paper necessary to reduce the order of the lower court to judgment is to condemn the appellant/homeowners and their neighbors to endure intolerable conditions for an indeterminate length of time.

This court has only recently made an administrative decision to deny relief routinely in these instances where the lower court's order has not been reduced to judgment on praecipe of a party.

Certainly, the argument can be made that the rule is jurisdictional, that it is not complicated, and that when it is not adhered to an automatic quash is not an unfair result. Counter-argument, however, must note that in a case such as this, the nominal "losers" in the court below are not going to reduce even an inadequate holding against them to judgment; naturally, they would prefer to pay nothing. The putative "Winners"—faced with an order they consider to be totally inadequate—have no natural inclination to reduce the order to judgment either. Instead, they appeal as swiftly as possible.

Until recently, the policy of this court has comported with an understanding of human nature, and the rule has been honored in the breach where advisable. Frankly, adhering to the policy rigidly is reminiscent of the practices of early English common law when any misstep whatsoever in pleadings would debar a meritorious claim. Surely our modern

system of law should promote a more flexible approach to justice.

There is merit in having a date certain from which the time for appeal must run. Uncertainty as to whether date of the order or date of the praecipe prevailed could create difficulties. For this reason, the undersigned would favor a solution for the instant matter as follows, without prejudice to a more far-reaching method of dealing with the problem in the future.[1]

A court order would be issued remanding the case to the lower court for the sole purpose of permitting counsel for appellants, by immediate direction of the court below, to file a praecipe *nunc pro tunc* for an appropriate date prior to appeal date on the docket below. The records would remain with Superior Court, and upon notice that judgment was entered, an opinion of this court on the merits of the case would issue.

The thing that is apparent at present, however, is that under the existing system everybody loses. In this case an entire neighborhood suffers, but in all cases the parties lose time and money, the cost of reparations inflates, and the court duplicates its own expenditures in time, money and effort.

The problem will persist because appeal from an unacceptable order of judgment is an almost Pavlovian response, while reducing an unacceptable order to final judgment is a highly artificial act, made only grudgingly at best by counsel. Sadly, too many litigants suffer for their attorneys' "learning experience", and the court system suffers, too, from duplication of efforts.

I must dissent from the majority's opinion. I would not quash this appeal.

1. Possibly when the record reveals on its face that the order of the lower court has not been reduced to judgment and docketed, the prothonotary of the Superior Court could exit the problem to a Judge of the court immediately. The matter could be handled while fresh, and before an argument date has been assigned.