435 A.2d 877

**William WHITFIELD, Appellant,**

**v.**

**John and Eulah FARRIOR, his wife, and doing business as Al's 26 Bar Corporation, and Arnold Farrior.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1980.

Filed Oct. 2, 1981.

Charles S. Lieberman, Philadelphia, for appellant.

David Kanner, Philadelphia, for appellees.

Before SPAETH, BROSKY and HOFFMAN, JJ.

PER CURIAM:

Following a nonjury trial in this trespass action, the lower court entered a verdict for appellant in the amount of $25,000 against appellee Arnold Farrior only. Appellant subsequently filed exceptions challenging the lower court's finding in favor of the remaining appellees. Following the denial of his exceptions, appellant took this appeal. We are unable to reach the merits of this appeal, however, because the order denying appellant's exceptions has not been reduced to judgment and docketed.

> It is settled that an order disposing of exceptions following a nonjury trial is interlocutory and nonappealable. *Heffner v. Bock*, 287 Pa.Super. 345, 430 A.2d 318 (1981). *See also Lashner v. Redevelopment Authority of the City of Philadelphia*, 286 Pa.Super. 549, 429 A.2d 659 (1981); *Unterberger v. Life Assurance Co. of Pennsylvania*, 286 Pa.Super. 469, 429 A.2d 34 (1981); *Slaseman v. Myers*, 285 Pa.Super. 167, 427 A.2d 165 (1981); *Penstan Supply Co. v. Hay*, 283 Pa.Super. 558, 424 A.2d 950 (1981). "Such an order does not become appealable until, 'on praecipe of any party,' Pa.R.A.P. 301(d), it is 'reduced to judgment and docketed,' Pa.R.A.P. 301(c). *And see* Pa.R.C.P. 1038(e). The requirement that judgment be docketed is jurisdictional." *Unterberger v. Life Assurance Co. of Pennsylvania, supra,* 286 Pa.Super. at 470, 429 A.2d at 35.

*Gadbois v. Leb-Co. Builders, Inc.,* 290 Pa.Super. 523, 525, 434 A.2d 1267, 1267–1268 (1981). *Accord, Coren v. Di-Domenico,* 291 Pa.Super. 331, 435 A.2d 1252 (1981). Because this requirement has not been met in the present case, the appeal is premature and must be quashed.

Appeal quashed.