437 A.2d 65

**Stephen GDOVIC, Appellant,**

v.

**CATHOLIC KNIGHTS OF ST. GEORGE.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1980.

Filed Nov. 13, 1981.

Steven H. Wyckoff, Pittsburgh, for appellant.

John F. Becker, Pittsburgh, for appellee.

Before HESTER, BROSKY and VAN der VOORT, JJ.

PER CURIAM:

Following a non-jury trial in this action of assumpsit the trial judge entered a verdict on December 10, 1979 in favor of the defendant-appellee and against the plaintiff-appellant. On December 21, 1979, the appellant filed exceptions to the non-jury verdict. On February 14, 1980, the appellant's exceptions were dismissed and the Prothonotary was ordered to enter judgment in favor of the appellee and against the appellant on payment of any required fee. Thereafter, on March 10, 1980, the appellant filed objections to the trial transcript asking that certain revisions be made to the transcript. The trial court below entered an order on March 10th which refused to make changes in the transcript. (The appellant appears to claim that this order of March 10, 1980 was entered on March 11, 1980). The appellant then appealed to our Court on March 11, 1980 from the order of February 14, 1980 and the order of March 11, 1980.

An order denying exceptions following a non-jury trial is interlocutory and unappealable. *Penstan Supply Co. v. Hay*, 283 Pa.Super. 558, 424 A.2d 950 (1981). *Accord, Lashner v. Redevelopment Authority of the City of Philadelphia*, 286 Pa.Super. 549, 429 A.2d 659 (1981); *Unterberger v. Life Assurance Co. of Pa.*, 286 Pa.Super. 469, 429 A.2d 34 (1981); *Slaseman v. Myers*, 285 Pa.Super. 167, 427 A.2d 165 (1981). While the appellant's brief states that judgment was entered against him, no judgment was in fact entered. An appeal may not be entertained until the order is reduced to judgment and docketed. Pa.R.A.P. 301(c). See *Lashner v. Redevelopment Authority of the City of Philadelphia, supra; Unterberger v. Life Assurance Co. of Pa., supra.*

Because the order denying appellant's exceptions has not been reduced to judgment and docketed, this appeal must be quashed.

Appeal quashed.