441 A.2d 1251

**Larry Kenneth HILLIARD, Appellant,**

v.

**Doris A. HILLIARD and Theol Gower.**

Superior Court of Pennsylvania.

Argued Nov. 4, 1981.

Filed Feb. 16, 1982.

318

Edwin Krawitz, East Stroudsburg, for appellant.

Stanley P. Ticktin, Stroudsburg, for appellees.

Before BROSKY, POPOVICH and MONTGOMERY, JJ.

PER CURIAM:

Appellant, Larry Kenneth Hilliard, appeals from the order of the trial court dismissing his exceptions—thereby denying his divorce claim—and which granted the appellee's, Doris Hilliard's, counterclaim for divorce. The appeal has been taken from a divorce action in which the order of the trial court has not been reduced to a judgment and docketed.

In *Gadbois v. Leb-Co. Builders, Inc.*, 290 Pa.Super. 523, 525, 434 A.2d 1267, 1267–1268 (1981), we said:

> It is settled that an order disposing of exceptions following a nonjury trial is interlocutory and nonappealable. *Heffner v. Bock*, 287 Pa.Super. 345, 430 A.2d 318 (1981). See also *Lashner v. Redevelopment Authority of the City of Philadelphia*, 286 Pa.Super. 549, 429 A.2d 659 (1981); *Unterberger v. Life Assurance Co. of Pennsylvania*, 286 Pa.Super. 469, 429 A.2d 34 (1981); *Slaseman v. Myers*, 285 Pa.Super. 167, 427 A.2d 165 (1981); *Penstan Supply Co. v. Hay*, 283 Pa.Super. 558, 424 A.2d 950 (1981). "Such an

order does not become appealable until, 'on praecipe of any party,' Pa.R.A.P. 301(d), it is 'reduced to judgment and docketed,' Pa.R.A.P. 301(c). And see Pa.R.C.P. 1038(e). The requirement that judgment be docketed is jurisdictional." *Unterberger v. Life Assurance Co. of Pennsylvania,* supra, 286 Pa.Super. at 470, 429 A.2d at 35.

Because this requirement has not been met in the present case, the appeal is premature and must be quashed.

Appeal quashed.