447 A.2d 1047

**John H. HAMMOND, Appellant,**

v.

**Ann E. HAMMOND, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1981.

Filed July 16, 1982.

440

Marc D. Jonas, Lansdale, for appellant-husband.

Neil H. Stein, Philadelphia, for appellant-wife.

Before HESTER, CAVANAUGH and BECK, JJ.

PER CURIAM:

This is an appeal by appellant-wife, Ann E. Hammond, and appellant-husband John H. Hammond, from orders dismissing exceptions to the master's report in a divorce action and denying joint petitions by the parties to reinstate exceptions or grant leave to refile exceptions *nunc pro tunc*.[1] Since the lower court never entered a decree of divorce, we quash this appeal as interlocutory.

On January 30, 1978, appellant-husband filed his complaint in divorce. After a hearing, a master's report was filed on October 24, 1979, recommending that a divorce be granted. Nine days later, appellant-wife filed exceptions to the master's report. Appellant-husband thereafter filed a praecipe to have appellant-wife's exceptions listed for argu-

---

1. Since the parties jointly filed a notice of appeal to this Court and appellant-wife's brief refers to both parties as "appellant," we also characterize each of them as "appellant" for purposes of this appeal.

ment. On April 15, 1980, appellant-wife's exceptions were dismissed by President Judge Richard S. Lowe of the Court of Common Pleas of Montgomery County because appellant-wife failed to file a brief in support thereof within thirty (30) days as required by Montgomery County Rule of Civil Procedure 302(d).[2]

Appellant-wife and appellant-husband then filed a joint petition for approval of a stipulation requesting that the court vacate its order of April 15, 1980, and reinstate appellant-wife's exceptions to the master's report. In their petition, counsel stated that they had agreed, by and between themselves, that appellant-wife could have additional time within which to file a brief. They acknowledged, however, that their agreement had not been communicated to the lower court. Judge Lowe denied the joint petition on April 23, 1980.

The parties next filed a joint petition for leave to refile exceptions to the master's report *nunc pro tunc*, stating as reason therefor the grounds included in the earlier petition. On May 2, 1980, that petition was also denied by Judge Lowe. Appellant-wife and appellant-husband then appealed to this Court from the lower court orders of April 15, 1980, April 23, 1980 and May 2, 1980.

A similar appeal was presented to, and quashed by, a panel of this Court in *Aloi v. Aloi*, 290 Pa.Super. 125, 434 A.2d 161 (1981) (appeal from order dismissing exceptions to master's report and denying petition to reopen report quashed as interlocutory; divorce decree issued after appeal taken).[3] In that case we said:

Our jurisdiction is limited to appeals from final orders and to such appeals from interlocutory orders as authorized by law or permitted upon certification by the lower

2. In his opinion, the lower court indicated that appellant-wife's exceptions, inadvertently dismissed pursuant to Rule 302(d), should instead have been dismissed under Montgomery County Rule of Civil Procedure 301(d).

3. A second decree in divorce was subsequently entered in that case and, following an appeal, was affirmed by a panel of this Court. *Aloi v. Aloi*, 299 Pa.Super. 400, 445 Pa.2d 815 (1981).

court. 42 Pa.C.S.A. §§ 702, 742; Pa.R.A.P. 301–312. The question of jurisdiction is one that we not only may but are required to raise *sua sponte.* *Penstan Supply, Inc. v. Hay,* 283 Pa.Super. 558, 424 A.2d 950 (1981).

An order dismissing exceptions and refusing to reopen a master's report is not a final order nor is it made appealable by any statute or general rule. Although entitled to careful consideration, the recommendation and findings of a master in a divorce action are only advisory; the lower court must still independently satisfy itself that a grant of a divorce is proper. *Rankin v. Rankin,* 181 Pa.Super. 414, 124 A.2d 639 (1956); *Rinoldo v. Rinoldo,* 125 Pa.Super. 323, 189 A. 566 (1937).

In *Elsesser v. Elsesser,* 80 Pa.Super. 117 (1922), we quashed an appeal taken from a jury verdict, noting that even when the facts had been conclusively determined by the jury, it was still the duty of the lower court to determine whether under the law a divorce was proper, and that only after the entry of a final decree was an appeal proper. In *Steinman v. Steinman,* 144 Pa.Super. 193, 18 A.2d 816 (1941), the appeal had been taken from an order directing that a decree be entered when certain costs were paid. Although we did consider the merits, we repeated that only the final decree was properly appealable. Here, when the appeal was taken, the lower court had not gone so far as the court in *Steinman.*

290 Pa.Super. at 128, 434 A.2d at 163.

Here, as appellant-wife acknowledges in her brief,[4] a decree of divorce was never entered by the lower court. Absent the entry of a final divorce decree, there is no independent determination by the court that the grant of a divorce is proper and, furthermore, no order from which an appeal may be taken. The lower court orders of April 15, 1980, April 23, 1980 and May 2, 1980 are unappealable interlocutory orders and appellants' appeal must be quashed.

4. No brief has been filed by appellant-husband.