451 A.2d 1033

**Joseph A. WALHEIM and Mary Joan Walheim, as parents and natural guardians of Thomas P. Walheim, and Joseph A. Walheim and Mary Joan Walheim, in their own right, Appellants,**

v.

**Donald KIRKPATRICK and Portia B. Kirkpatrick, his wife.**

Superior Court of Pennsylvania.

Argued Feb. 2, 1982.

Filed Oct. 22, 1982.

Petition for Allowance of Appeal Denied Feb. 11, 1983.

Philip E. Berens, Philadelphia, for appellants.

Louise Herzl-Betz, Philadelphia, for appellees.

Before WICKERSHAM, ROWLEY and McEWEN, JJ.

ROWLEY, Judge:

This is an appeal from a judgment in favor of appellees which was entered following the denial of appellants' motions for new trial and judgment non obstante verdicto.[1]

Appellants instituted a trespass action for personal injuries suffered by appellant, Thomas Walheim, a minor, while attempting to dismount from a trampoline owned by appellees. It was erected in the backyard of appellees' home for use by their own and neighborhood children. The issue at trial was whether appellees were negligent in maintaining the trampoline on their property and permitting children to use it.

---

1. This case was previously before our court. *Walheim v. Kirkpatrick,* 287 Pa.Super. 130, 429 A.2d 1134 (1981). The trial court's order denying appellants' motion for judgment n.o.v. was affirmed. However, the appeal from the court's order denying appellants' motion for a new trial was quashed, since the order had not been reduced to judgment.

At trial, appellants sought to introduce the expert testimony of Charles Pagano, an assistant professor and head swimming coach at West Chester State College, concerning the safe design and use of trampolines. The witness's extensive education in the field of physical education was described along with his experience with trampolines in the course of teaching gymnastics to children of all ages. The witness testified that the trampoline involved in the accident was of a recreational, non-folding, non-instructional type. He was unable, however, to identify the manufacturer. Sustaining an objection by appellees, the trial court refused to permit the witness to testify as to certain standards for the safe use and maintenance of trampolines promulgated by various trampoline manufacturers and associations, including the American Society for the Testing of Materials, Nissen Trampoline Corporation and the United States Gymnastic Safety Association. The testimony was prohibited for two reasons: 1) it was irrelevant because there was no testimony relating the safety standards to this particular trampoline; and 2) the standard of care to be applied to appellants was within the common knowledge of the jurors and therefore was not a proper subject for expert testimony. The exclusion of this testimony is the basis for this appeal.

The admission of expert testimony is a matter within the discretion of the trial court and will not be reversed absent an abuse of discretion. *Laubach v. Haigh,* 433 Pa. 487, 252 A.2d 682 (1969). In this case, we find that the exclusion of the testimony constituted such an abuse of discretion. Therefore, we will vacate the judgment and remand for a new trial.

We have concluded that the proposed testimony was relevant, since there was in fact testimony connecting the standards to appellees' trampoline. The witness stated several times that the various safety standards in question pertained to the use of *all* trampolines, both instructional and recreational, that the standards were "universally accepted", and that the standards were available to the public. Expert witnesses may refer to published works on the

matter which is the subject of their testimony. *Cummings v. Nazareth Borough,* 430 Pa. 255, 242 A.2d 460 (1968); *McDonough v. United States Steel Corp.,* 228 Pa.Super. 268, 324 A.2d 542 (1974). Furthermore, safety standards promulgated by organizations active in a particular field are admissible even though the defendants were unaware of the standards. *See Cummings v. Nazareth Borough, supra.*

We have also concluded that the safe use of a trampoline is not within the common knowledge of the average juror.[2] Therefore, it was a proper subject for expert testimony. *Densler v. Metropolitan Edison Co.,* 235 Pa.Super. 585, 345 A.2d 758 (1975). In view of the witness's special training and experience, he should have been permitted to describe the accepted customs and standards for the safe use of trampolines. This knowledge was relevant to the central issue of negligence. Of course, the ultimate determination of whether appellees were negligent would be left to the jury. *See Rutter v. Northeastern Beaver County School District,* 496 Pa. 590, 437 A.2d 1198 (1981).

Judgment vacated and case remanded for a new trial. Jurisdiction relinquished.

---

**2.** As appellants point out in their brief, during voir dire only one prospective juror stated that he had ever even used a trampoline.