J-S08003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KERI ANN CRAWFORD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM R. CRAWFORD, III | : | |
| | : | |
| Appellant | : | No. 1168 MDA 2023 |

Appeal from the Order Entered July 27, 2023
In the Court of Common Pleas of Columbia County Civil Division at
No(s):  979 of 2018

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                 **FILED: APRIL 16, 2024**

Appellant, William R. Crawford, III, ("Husband") appeals from the July 27, 2023 order entered in the Court of Common Pleas of Columbia County that denied his exceptions to the special master's report and recommendations.[1]  We quash this appeal.

The record reveals that Husband and Keri Ann Crawford ("Wife") were married on December 2, 1995.  The couple separated on April 19, 2018, and Wife filed a complaint for divorce on August 10, 2018.  On August 30, 2021,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The record reveals that the order denying Husband's exceptions to the special master's report and recommendations was dated July 20, 2023, but not entered by the trial court until July 27, 2023.  The caption has been corrected accordingly.

the trial court entered an order bifurcating the divorce proceeding from resolution of the couple's economic issues.[2]

On August 4, 2022, the trial court appointed a special master to resolve the couple's economic issues. The special master conducted a hearing on January 12, 2023, at which both Husband and Wife participated. On February 8, 2023, Wife filed a motion seeking entry of a final divorce decree. On March 13, 2023, the special master filed his report and recommendations concerning the equitable distribution of the couple's marital estate. On March 14, 2023, the trial court entered a final divorce decree dissolving the matrimonial bond between Husband and Wife.[3] On March 31, 2023, Husband filed exceptions to the special master's report and recommendations. On June 1, 2023, the

---

[2] In its August 30, 2021 order, the trial court stated,

[U]pon *praecipe* and motion of [Wife,] the parties shall be divorced from the bonds of matrimony at which time the [trial] court shall retain jurisdiction of any claims raised by the parties to this action for which a final order has not been entered. This is including but not limited to equitable distribution. All economic issues between the parties shall survive the divorce decree. Pending final resolution of each [party's] economic claims, the economic rights of the parties shall not be impaired or diminished by any event, including but not limited to, divorce[.]

Trial Court Order, 8/30/21.

[3] This final divorce decree did not address the equitable distribution of the parties' assets.

trial court conducted a hearing on Husband's exceptions, and subsequently denied those exceptions on July 27, 2023. This appeal followed.[4]

Husband raises the following issues for our review:

[1.] Did the trial court commit an error of law in determining that [Husband] failed to meet his burden of proof to establish that a marital debt existed between his mother and the marital parties?

2. Did the trial court commit an error of law in determining that the special master properly valued the 2007 Yukon GMC [vehicle]?

3. Did the trial court commit an error of law in determining that the special master properly valued [Husband's] Pennsy Supply 401K [retirement plan]?

4. Did the trial court commit an error of law in determining that the special master properly valued the share of Bloomsburg fair stock, which was marital property?

5. Did the trial court commit an abuse of discretion in determining that the special master properly valued the personal property in [Husband's] possession and [correctly established a distribution scheme for] the [marital] assets[?]

6. Did the trial court commit[] an abuse of discretion in determining that the [distribution] of the marital assets and marital debt by the special master was proper?

Husband's Brief at 6-7 (extraneous capitalization omitted).

Preliminarily, we must address whether the July 27, 2023 order denying Husband's exceptions is a final, appealable order, thereby, invoking this Court's jurisdiction. *See* Pa.R.A.P. 341(a) (stating that, "an appeal may be

---

[4] Both Husband and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

taken as of right from any final order of a government unit or trial court");

*see also Linde v. Linde*, 222 A.3d 776, 782 (Pa. Super. 2019) (stating, "the question of appealability implicates the jurisdiction of this Court[, and] the issue may be raised by this Court *sua sponte*" (citation and original brackets omitted)).

Pennsylvania Rule of Civil Procedure 1920.55-2 permits a party, upon the filing of a special master's report and recommendations, to file exceptions within 20 days of the filing of said report.  Pa.R.Civ.P. 1920.55-2(b).  "If exceptions are filed, any other party may file exceptions within 20 days of the date of service of the original exceptions."  Pa.R.Civ.P. 1920.55-2(c). Thereafter, the trial court "shall hear argument on the exceptions and **enter a final decree**."[5]  *Id.* (emphasis added).

It is well-settled that an order dismissing exceptions to a special master's report and recommendations, but not entering a final decree of equitable distribution, **is not a final order**.  *Reed v. Reed*, 511 A.2d 874, 877 (Pa. Super. 1986); *see also Hammond v. Hammond*, 447 A.2d 1047, 1048-1049 (Pa. Super. 1982) (stating, an order denying exceptions to a special master's report and recommendations without the entry of a final decree is an interlocutory order, and the appeal of such an order must be quashed); *Aloi v. Aloi*, 434 A.2d 161, 163 (Pa. Super. 1981) (stating that,

---

[5] Rule 1920.55-2(d) states that if no exceptions are filed, then the trial court "shall review the [special master's] report [and recommendations] and, if approved, shall enter a final decree."  Pa.R.Civ.P. 1920.55-2(d).

an order dismissing exceptions to a special master's report and recommendations is not a final order and the trial court must still independently satisfy itself that the special master's recommendations are proper and, thereupon, enter a final decree); **Shultz v. Shultz**, 301 A.3d 917, 2023 WL 4104034, at *2 n.1 (Pa. Super. filed Jun. 21, 2023) (non-precedential decision) (stating, an order denying exceptions to the special master's report and recommendations is not a final order "as it did not order the equitable distribution of the parties' assets").

In the case *sub judice*, the special master filed his report and recommendations concerning the equitable distribution of the assets comprising the marital estate on March 13, 2023. Husband filed timely exceptions to the special master's report and recommendations on March 31, 2023, and Wife did not file exceptions. The trial court conducted a hearing on Husband's exceptions on June 1, 2023, and denied those exceptions on July 27, 2023. In its July 27, 2023 order, the trial court did not indicate that it approved the special master's distribution scheme or order the distribution of the parties' assets.[6] As such, the July 27, 2023 order is not a final, appealable

---

[6] We note that, in paragraph 6 of the July 27, 2023 order, the trial court stated "that the [special master] properly distributed the personal property between the parties." Trial Court Order, 7/27/23, at ¶6. The trial court further stated in paragraph 7 "that the [special master] properly allocated marital assets and marital debt between the parties." **Id.** at ¶7. While these sentences express approval for a portion of the special master's distribution scheme, the trial court did not declare approval or adoption of the special master's distribution for all aspects of the material estate. More importantly, the July 27, 2023

order. Consequently, we quash Husband's appeal and remand this case to the trial court for entry of a final order of equitable distribution.[7]

Appeal quashed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/16/2024

---

order does not order distribution in accord with the special master's report and recommendations.

[7] On remand, the trial court, upon review of the special master's report and recommendations, shall enter a final order of equitable distribution of the parties' assets. This final order of equitable distribution may simply adopt the special master's recommendations but, nonetheless, a final order must unmistakably express the trial court's approval of a final distribution of the parties' marital assets and clearly direct that the assets be distributed in accordance with that scheme. Thereafter, either party may file an appeal of that final order of equitable distribution within 30 days of entry. **See** Pa.R.A.P. 903.