437 A.2d 406

Jack GELLAR and Kate Gellar, h/w, Appellants

v.

Elizabeth CHAMBERS, Esquire, Michael Goldberg, Ésquire, Reuben Miller, Esquire, and Morris Slotsky and Gloria Slotsky, h/w.

Superior Court of Pennsylvania.

Argued Dec. 5, 1980.

Filed Aug. 14, 1981.

Reargument Denied Dec. 9, 1981.

Jeffrey B. Albert, Philadelphia, for appellants.

Mark E. Goldberg, Philadelphia, for appellees.

Before PRICE, WATKINS and MONTGOMERY, JJ.

PER CURIAM:

The instant appeal arises from an interlocutory order. The parties submitted the particular issue involved to the lower court for resolution upon an agreed statement of facts. The parties stipulated that the trial court's determination of the interlocutory issue could be the subject of an immediate appeal.

Pursuant to the Act of July 9, 1976, P.L. 586, No. 142, § 2, as amended, 42 Pa.C.S.A. § 702,[1] the lower court certified the issue as involving a controlling issue of law as to which there is substantial ground for difference of opinion and stated that an immediate appeal from its order would materially advance the ultimate termination of the matter. The Appellant thereafter filed a notice of appeal with our Court. However, the Appellant has failed to file any petition with our Court seeking permission to appeal the interlocutory order, contrary to Rule 1311 of the Rules of Appellate Procedure.

In accordance with Rule 1311, we have held that an appellant is required to file such a petition and that a § 702 certification by the lower court is not sufficient to establish jurisdiction with our Court in a case. See *Commonwealth v. Pfender*, 280 Pa.Superior Ct. 417, 421 A.2d 791 (1980). We note that the Appellee has not filed any objection to our Court's assumption of jurisdiction over this appeal. While such circumstances might operate to perfect the appellate

---

1. 42 Pa.C.S.A. § 702 deals with the subject of interlocutory orders, and provides, in subsection (b):
   "When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order."

jurisdiction of our Court in other situations, Rule 741 of the Rules of Appellate Procedure specifically precludes such a result in cases involving interlocutory orders such as the one presented in the instant case.[2]  We are constrained to quash this appeal.  Compare *Commonwealth ex rel. Ransom Township v. Mascheska*, 429 Pa. 168, 239 A.2d 386 (1968), on remand 213 Pa.Superior Ct. 195, 245 A.2d 721 (1968).

This Appeal is quashed and the case is remanded to the lower court for further proceedings.  We do not retain jurisdiction.

2. Rule 741 provides:

(a) General rule.  The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court.

(b) Exception.  Subdivision (a) shall not apply to any defect in the jurisdiction of an appellate court which arises out of:

(1) The failure to effect a filing within the time provided by these rules.

(2) An attempt to take an appeal from an interlocutory order which has not been made appealable by Rule 311 (interlocutory appeals as of right) or pursuant to Chapter 13 (interlocutory appeals by permission).