465 A.2d 1248

Edward EICHMANN a/k/a Edward T. Eichmann

v.

**Columbia Petrosina EICHMANN, Appellant.**

Superior Court of Pennsylvania.

Argued March 2, 1982.

Filed April 22, 1983.

Reargument Denied July 5, 1983.

Columbia P. Eichmann, appellant, in propria persona. Michael S. Bomstein, Philadelphia, for appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in: (1) dismissing the master's report recommending denial of the divorce; and (2) granting appellee a divorce. We agree and, accordingly, reverse the order of the lower court and deny the divorce.

The parties were married on May 15, 1948 and resided together until 1964, when appellant-wife left the marital abode. Appellee, alleging desertion, filed for divorce a.v.m. on May 20, 1978. Following two evidentiary hearings, the master filed his report on November 18, 1980, finding, *inter alia*, that appellant had left the home as a result of appellee's mistreatment and recommending that the divorce be denied. The lower court, however, dismissed the master's report and granted the divorce. Appellant then took this *pro se* appeal.[1]

Appellant contends that the lower court erred in dismissing the master's report and granting the divorce. "In a divorce case it is the responsibility of this Court to make a de novo evaluation of the record of the proceedings and to decide independently of the master and the lower court whether a legal cause of action exists." *Dukmen v. Dukmen*, 278 Pa.Superior Ct. 530, 534, 420 A.2d 667, 670 (1980). However, "[a] Master's Report in a divorce action, although advisory only is to be given fullest consideration, particularly on the issue of credibility of witnesses." *Herwig v. Herwig*, 279 Pa.Superior Ct. 65, 69, 420 A.2d 746, 748 (1980).

1. Appellant also argued this case without counsel.

Appellant was charged with desertion, *i.e.*, the "wilful and malicious desertion, and absence from the habitation of the injured and innocent spouse, without a reasonable cause, for and during the term and space of two years." Act of May 2, 1929, P.L. 1237 § 10, 23 P.S. § 10(1)(d) (repealed) (for current version, *see* Divorce Code Act of April 2, 1980, P.L. 63, No. 26 § 201(a)(1), 23 P.S. § 201(a)(1)). The master found that although appellant had, in fact, left the marital home for more than two years, her departure "was justified by [appellee's] treatment" of her and thus was not wilful and malicious. Accordingly, he recommended denial of the divorce.[2]

■■■ It is well-settled that when a plaintiff has proven the defendant's two-year absence from the marital abode, the burden shifts to the defendant to show by clear and convincing evidence that the separation was excused or justified. *Zimmerman v. Zimmerman*, 428 Pa. 118, 123, 236 A.2d 785, 788 (1968); *Wagner v. Wagner*, 223 Pa.Superior Ct. 241, 244, 299 A.2d 45, 47 (1972). "Reasonable cause which justifies one spouse leaving the habitation of the other is that which would entitle the separating party to a divorce." *Herwig v. Herwig, supra* 279 Pa.Super. at 69, 420 A.2d at 748. The master found that appellee had physically and mentally abused appellant, striking her whenever she expressed an opinion. Appellant, fearing for her safety, during one quarrel, fled the house after appellee had become enraged and slapped her "hard" across the face. We agree with the master that appellee's mistreatment of appellant was sufficient to support a decree of divorce either on grounds of indignities, *see Trimbur v. Trimbur*, 171 Pa.Superior Ct. 541, 547, 91 A.2d 307, 309 (1952) ("habitual verbal aspersion and imperious demands ... accompanied by threats of physical violence and actually followed by an assault and battery" amounts to indigni-

**2.** The lower court offered no reason for its dismissal of the master's finding that appellee's conduct justified appellant's leaving. Its contention that the master distorted testimony "solely because of [the master's] annoyance and contempt for [appellee's] attorney," is simply unsupported by the record.

ties), or cruel and barbarous treatment, *see Darcy v. Darcy,* 197 Pa.Superior Ct. 100, 103, 176 A.2d 919, 921 (1962) (actual personal violence rendering cohabitation unsafe amounts to cruel and barbarous treatment), and thus sufficient to excuse or justify her desertion. Therefore, the lower court erred in dismissing the master's recommendations and in granting the divorce, and accordingly, we must reverse its order and deny the divorce.

Order of the lower court reversed and divorce denied.