510 A.2d 1246

**VENDALE COAL COMPANY, INC., Appellant,**

**v.**

**VOTO MANUFACTURING SALES COMPANY, Bethlehem Steel Corporation, Pittsburgh Contractors Equipment Company and Clark Equipment Company, Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 18, 1986.

Filed June 11, 1986.

636

Daniel R. Gigler, Pittsburgh, for appellant.

Howard W. White, Jr., Franklin, for Bethlehem Steel, appellee.

Eric N. Anderson, Pittsburgh, for Clark Equipment, appellee.

John H. Smith, Pittsburgh, for Pittsburgh Contractors, appellee.

Before BROSKY, OLSZEWSKI and POPOVICH, JJ.

OLSZEWSKI, Judge:

This matter is before this Court on appeal from an order of the lower court granting appellees' motions for summary judgment and certifying the issues raised below as appealable pursuant to 42 Pa.C.S.A. Sec. 702(b). The relevant events giving rise to this appeal occurred on two separate occasions. On September 29, 1979 and later on March 9, 1980, appellant Vendale Coal Company, Inc., which is involved in surface mining operations, was operating its dragline when the boom cable snapped causing damages in excess of $69,000 to the component parts of the dragline. Consequently, appellant commenced two separate lawsuits

against each of the four appellees; however, these actions were later consolidated for trial. In Counts I and II of its complaint, appellant stated causes of action for breach of implied warranties of merchantability and fitness for a particular purpose while Counts III and IV, respectively, stated claims for strict liability and negligence. Essentially, appellant alleged that the dragline, manufactured by Clark Equipment Company and distributed by Pittsburgh Contractors Equipment Company, was defectively designed and that this design caused the wire cable to break prematurely. In addition, appellant alleged that the wire cable used in the dragline operation, which was manufactured by Bethlehem Steel Corporation and distributed by Voto Manufacturing Sales Company, was defective. As a result of this defect, the cable broke causing a substantial amount of damage to the dragline.

In response to appellee Pittsburgh Contractors' motion for summary judgment, the trial court found that Counts I and II of the complaint did not set forth a cause of action since the implied warranties were expressly excluded from the purchase agreement for the sale of the dragline. The court further held that Count III did not set forth a cause of action since appellant, acting as a commercial buyer, was not entitled to recover economic losses through tort claims. This order granting summary judgment in favor of appellee Pittsburgh Contractors was entered on March 15, 1985. Contrary to the arguments of the remaining appellees, a review of the record reveals that no other judgment, similar to the one outlined above, was entered on the record with respect to these parties. Consequently, our decision in this case is only applicable to appellant and appellee Pittsburgh Contractors. See Pa.R.App.P. 301. On April 10, 1985, following appellant's request, the trial court certified the present appeal from the interlocutory orders pursuant to 42 Pa.C.S.A.Sec. 702(b). The notice of appeal was filed on May 2, 1985.

On procedural grounds, the appeal was challenged for the following reasons: (1) the appeal is untimely since more

than thirty days has elapsed from the entry of the original orders granting summary judgment on March 15, 1985 [1] and, (2) even if the appeal period should begin to run from April 10, 1985, appellant, nevertheless, did not file a petition for permission to appeal this order with the Appellate Court pursuant to Pa.R.App.P. 1311(b). We are compelled to agree.

It is well settled that the mere certification of an issue by the lower court under section 702 will not alone establish jurisdiction with our Court in a given case. *Gellar v. Chambers,* 292 Pa.Super. 324, 437 A.2d 406 (1981); *See Commonwealth v. Pfender,* 280 Pa.Super. 417, 421 A.2d 791 (1980); *Commonwealth v. Wills,* 328 Pa.Super. 342, 476 A.2d 1362 (1984). A necessary procedural step, not taken by appellant in the instant case, to perfect this appeal is found under Rule 1311(b) of the Pennsylvania Rules of Appellate Procedure. This rule in pertinent part provides:

> **(b) Petition for permission to appeal.** Permission to appeal from an interlocutory order containing the statement prescribed by 42 Pa.C.S.A. Sec. 702(b) may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court within 30 days after entry of such order in the lower court or other government unit with proof of service on all other parties to the matter in the lower court or other government unit and on the government unit or clerk of the lower courts, who shall file the petition of record in such lower court. . . .

Since appellant in the instant case has failed to file a petition with our Court seeking permission to appeal from

1. Our Court has stated that in the case of an appeal from an interlocutory order, the thirty day appeal period under Pa.R.App.P. 903 should not begin to run until the lower court certifies an otherwise unappealable interlocutory order as appealable as of right under Pa.R.App.P. 311(b)(2). *Martin v. Gerner,* 332 Pa.Super. 507, 481 A.2d 903 (1984). If we were to adopt this reasoning in the instant case, we must necessarily conclude that the instant appeal, which was taken by permission pursuant to 42 Pa.C.S.A. Sec. 702(b) and not as of right, was timely filed on May 2, 1985 from the order of April 10, 1985 certifying the interlocutory appeal.

the interlocutory order, we may not entertain this appeal. Consequently, we have no choice but to quash the instant appeal.

Appeal is quashed.   Jurisdiction is relinquished.