511 A.2d 874

**William H. REED, Appellee,**

v.

**Joan REED, Appellant.**

Superior Court of Pennsylvania.

Argued March 25, 1986.

Filed July 11, 1986.

Donald J. Strunk, Pittsburgh, for appellant.

Mark A. Gregg, Johnstown, for appellee.

Before ROWLEY, WIEAND and DEL SOLE, JJ.

WIEAND, Judge:

The issue in this appeal from an order entered in a divorce action is primarily procedural. It can be understood only by picking one's way carefully through the twisted and turning maze created by the many and varied recommendations, motions, orders and exceptions which make up the record in the trial court.

William H. Reed and Joan Reed were married on April 22, 1953, and separated in June, 1965. William Reed commenced an action in divorce in October, 1982, and a bifurcated decree divorcing the parties was entered on July 11, 1983. A Master appointed to take testimony on the issue of equitable distribution held hearings in May, 1983, and filed a report on June 28, 1983. William Reed filed exceptions to this report. His exceptions were granted on November 17, 1983. A second Master's hearing was held on April 11, 1984, and an amended Master's report was filed on June 4, 1984. This time, the Master's recommendations were unsatisfactory to Joan Reed, and she filed exceptions averring

that the Master had erred in finding that no portion of the Husband's pension with Bethlehem Steel Corp. was marital property.[1] These exceptions were dismissed on November 8, 1984, by court order as follows:

AND NOW, on this 8th day of November, 1984, upon consideration of the record, the briefs and arguments of both parties, it is hereby Ordered that the defendant's exceptions in the above captioned matter are dismissed.

On January 17, 1985, more than two months later, Joan Reed filed a petition requesting reconsideration of the order dismissing her exceptions. In support thereof she averred once again that the Master had erroneously concluded that William Reed's pension was not marital property. Now, however, she came armed with the Superior Court's decision in *King v. King*, 332 Pa.Super. 526, 481 A.2d 913 (1984). William Reed then filed preliminary objections in which he alleged that the petition for reconsideration was untimely and, therefore, improper. The order of November 8, 1984, he contended, had become final when no appeal therefrom was taken within thirty (30) days. On February 6, 1985, following oral argument, the trial court dismissed William's preliminary objections, granted Joan's petition for reconsideration and returned the action to the Master for further consideration in light of the Superior Court's decision in *King v. King, supra.*

William Reed filed exceptions to the February 6th order granting reconsideration. He argued that it was error to grant reconsideration after a determination had become final because not appealed within thirty (30) days. Joan Reed then filed a motion to strike William's exceptions. These matters were assigned to a different judge, and he, on April 29, 1985, entered an order denying Joan's motion to strike and granting William's exceptions to the earlier court order granting reconsideration. The trial judge on this

---

1. The Master's report suggested that he had declined to consider the pension as marital property for two reasons. First, the law was unclear at that time as to the status to be accorded pension funds. Secondly, the Master determined, inadequate proof as to the value of the pension had been offered.

occasion observed that "[t]he November 8, 1984 Order entered by the Court was a final Order, [and] Defendant's failure to pursue her appeal therefrom precluded her from taking further action." The order of April 29, 1985, is the subject of the present appeal.

■ Initially, we observe that the trial court's order of April 29, 1985, has effectively put Joan Reed "out of court" and, therefore, is appealable. The order prevented her from proceeding further with her claim that she was entitled to a distributive share of William Reed's pension. Because of the final effect of this order, we have jurisdiction to entertain the present appeal.

We are persuaded for at least three reasons that the order appealed from must be reversed. In the first place, neither the appellee nor the trial court has been able to cite to us authority which permits the filing of exceptions to an order which has granted reconsideration of a prior court order dismissing exceptions to a decree. Similarly, our research discloses neither rule of court nor prior decision which provides for or allows such procedure.

■ The order of February 6, 1985, which granted reconsideration, was an interlocutory order. It did not purport to determine finally the rights of the parties. As a general rule it is improper for a trial judge, absent new evidence, to overrule an interlocutory order by a judge of the same court in the same case. *Robert Wooler Co. v. Fidelity Bank*, 330 Pa.Super. 523, 536–537, 479 A.2d 1027, 1034 (1984); *Bersani v. School District of Philadelphia*, 310 Pa.Super. 1, 4, 456 A.2d 151, 153 (1982); *Marmara v. Rawle*, 264 Pa.Super. 229, 238, 399 A.2d 750, 755 (1979). See also: *Vitale v. Zoning Hearing Board of Upper Darby*, 63 Pa.Cmwlth. 604, 607, 438 A.2d 1016, 1018 (1982); *Commonwealth v. Tyson*, 57 Pa.Cmwlth. 569, 575, 427 A.2d 283, 286 (1981). Cf. *Commonwealth v. Lagana*, 510 Pa. 477, 509 A.2d 863 (1986). Here, the order sustaining exceptions to and setting aside the order granting reconsideration was based upon the same argument by William Reed which

the first judge had rejected. For the second judge to reverse the first judge's decision in response to this argument was improper.

Finally, an examination of the entire record in this case reveals that at no time has a final order been entered which directs equitable distribution of the marital assets owned by the parties. The trial court's order of November 8, 1984, contrary to appellee's argument that it was a final order of distribution, did not purport to enter a final decree distributing marital property between the parties. It did no more than dismiss the exceptions which had been filed by Joan Reed to the Master's report and recommendations. Those recommendations, although entitled to careful consideration, were advisory only. *McBride v. McBride*, 335 Pa.Super. 296, 298, 484 A.2d 141, 142 (1984); *Eichmann v. Eichmann*, 319 Pa.Super. 100, 101, 465 A.2d 1248, 1249 (1983). A trial court is required to review the Master's Report, determine if his or her recommendations are appropriate, and, in any event, enter a final decree. See: Pa.R. C.P. 1920.55(b). An order dismissing exceptions to a Master's Report but not entering a final decree of equitable distribution is not a final order. Cf. *Hammond v. Hammond*, 301 Pa.Super. 439, 442, 447 A.2d 1047, 1048 (1982); *Aloi v. Aloi*, 290 Pa.Super. 125, 128, 434 A.2d 161, 163 (1981), *appeal after remand*, 299 Pa.Super. 400, 445 A.2d 815 (1982). Indeed, until a final decree of distribution has been entered by the trial court, a right of appeal does not ordinarily accrue.

Because a final decree had not been entered, Joan Reed could properly request the court to reconsider its prior, interlocutory order dismissing exceptions and to enter a final decree distributing all marital property, including William Reed's pension rights. When, on April 29, 1985, the trial court held that reconsideration was improper and could not be allowed, it fell into error.

Reversed and remanded for further proceedings consistent with this opinion.

DEL SOLE, J., files a concurring and dissenting statement.

DEL SOLE, Judge, concurring and dissenting:

Following the trial court's order of November 8, 1984, dismissing exceptions to the Master's recommendations, the only thing left for the court to do was to enter a final decree. Pennsylvania Rule of Civil Procedure 1920.55(c) provides as follows:

> If exceptions are filed, the court shall hear argument on the exceptions and enter an appropriate final decree. No Motion for Post-Trial Relief may be filed to the final decree.

The procedural morass in this case was occasioned by the trial court's failure to enter a decree once it dismissed the exceptions.

I would vacate all of the orders entered from November 6, 1984 and remand the matter to trial court for the purposes of entering a final decree.

Further, a review of the record reveals an order entered on February 6, 1985, which reads as follows:

> And now, on this 6th day of February, 1985, the petition for reconsideration filed on behalf of the defendant is hereby granted and the case is remanded to the Master for reconsideration consistent with this discussion and order.

> And further, the preliminary objections of the plaintiff are hereby dismissed, however, reserving to the plaintiff the right of immediate appeal to the Superior Court from this order because of the importance of the order to this case, if the plaintiff so desires.

It is pointed out that the trial court can not make an order appealable to the Superior Court.[1] The Superior

---

1. It is well settled that the mere certification of an issue by the lower court under [42 Pa.C.S.A. § 702(b) ] will not alone establish jurisdic-

Court can only hear appeals from final orders or from certain interlocutory orders made appealable by rule of the Supreme Court of Pennsylvania.

A trial court may certify an order containing a controlling question of law then it becomes incumbent upon parties to petition the court for permission to appeal, no appeal exists of right to from such an order.

Therefore, I would vacate all orders entered since November 6, 1984 and remand to the trial court for the purpose of entering a final decree as should have been done when the exceptions were dismissed.

tion with our Court in a given case. *Gellar v. Chambers,* 292 Pa.Super. 324, 437 A.2d 406 (1981); *See Commonwealth v. Pfender* 280 Pa.Super. 417, 421 A.2d 791 (1980). A necessary procedural step ... is found under Rule 1311(b) of the Pennsylvania Rules of Appellate Procedure. This rule in pertinent part provides:

> (b) Petition for permission to appeal. Permission to appeal from an interlocutory order containing the statement prescribed by 42 Pa.C.S.A. Sec. 702(b) may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court within 30 days after the entry of such order in the lower court or other government unit with proof of service on all other parties to the matter in the lower court or other government until and on the government unit or clerk of courts, who shall file the petition or record in such lower court ...

*Vendale Coal Co., Inc. v. Voto Manufacturing Sales Company,* 353 Pa.Super. 635, 638, 510 A.2d 1246, 1247 (1986).