J-S12044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| ALLEN L. SHULTZ, III | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FAITH E. SHULTZ | : | No. 1102 MDA 2022 |

Appeal from the Order Entered June 15, 2022
In the Court of Common Pleas of Franklin County Civil Division at No(s):
2017-1766

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM PER CURIAM:                          **FILED: JUNE 21, 2023**

Allen L. Shultz, III ("Husband") appeals, *pro se*, from an order entered June 15, 2022 divorcing Husband from Faith E. Shultz ("Wife") and approving the master's report and recommendations in Husband's divorce with Wife.  We dismiss Husband's appeal based upon his failure to comply with the briefing requirements of the Pennsylvania Rules of Appellate Procedure.

Husband and Wife were married in 1986 and lived together until 2014 when Wife moved out of the marital home.  Wife returned to live in the home again in July 2015, but she finally moved out in June 2016.  On April 21, 2017, Husband filed a divorce complaint through counsel.  Wife filed an answer and counterclaim, and Husband then filed an amended complaint on October 4, 2017.  Husband's counsel withdrew in 2018, and Husband then filed, *pro se*,

_____

[*] Retired Senior Judge assigned to the Superior Court.

an amended divorce complaint on August 16, 2019. Husband has continued to represent himself through the remainder of these proceedings.

On August 7, 2020, the trial court entered an order approving the grounds for divorce but deferring the entry of a divorce decree until the resolution of the parties' equitable distribution claims. On August 13, 2020, the trial court denied a request by Husband for recusal. Husband filed appeals from both of these orders, which were quashed by this Court *sua sponte* as non-final interlocutory orders. **See** Order, No. 1132 MDA 2020, 10/26/20; Order, No. 1182 MDA 2020, 10/26/20.

On October 16, 2020, the trial court appointed James M. Stein, Esquire, as master to preside over the claims for divorce, alimony, alimony pendente lite, and counsel fees and expenses. A hearing was held before the master on June 14, July 7, and July 28, 2021.

On October 6, 2021, the master filed his report and recommendations in the trial court. In the report, the master found the date of the parties' separation as December 18, 2014, finding that the Wife's subsequent return to the marital home for an 11-month period did not result in a reconciliation among the parties. Report and Recommendations, 10/6/21, at 9-10. The master determined that the valuations proposed by Wife's expert were credible and recommended that the trial court accept the values that were assigned to the parties' marital assets, which included the marital home, five additional properties, and various personal property. **Id.** at 6-8. The amount of marital debt was set at $100,870, including $98,275 on a home equity line

of credit, while the debt on the home equity line of credit accrued after the date of separation was attributable solely to Husband. *Id.* at 8-9.

The master recommended that the marital estate be split with 60% of the net value to be received by Wife and 40% to Husband, with Husband remaining responsible to pay Wife the sum of $91,822.60 over a period of 10 years after the division of the identified assets. *Id.* at 15-16. The master further recommended that the trial court award alimony to Wife in the amount of $200 per month until February 28, 2027, when she turned 65. *Id.* at 21. Finally, the master recommended that the court direct Husband to pay $5,000 in attorney's fees to Wife's counsel based upon Husband's "numerous and repeated steps to delay the resolution of this matter, including the filing of numerous frivolous motions and appeals which have been denied for various procedural and substantive reasons." *Id.* at 22-23.

Husband filed exceptions to the master's report and recommendations, and the trial court heard oral argument on the exceptions on March 3, 2022. On June 15, 2022, the trial court entered an order overruling Husband's exceptions, along with an accompanying opinion explaining the court's reasoning as to each of his 14 exceptions. The court entered a separate order on that date ordering Husband and Wife's divorce and approving the master's

recommendations.   Husband then filed a notice of appeal from this latter

order.[1,2]

---

[1] Husband also indicated in his notice that he was appealing from the order overruling his exceptions.  However, that order was not final as it did not order the equitable distribution of the parties' assets.  ***Reed v. Reed***, 511 A.2d 874, 877 (Pa. Super. 1986) (stating that "[a]n order dismissing exceptions to a Master's Report but not entering a final decree of equitable distribution is not a final order" and therefore a right of appeal does not attach to such order). Nevertheless, Husband's appeal from the final order decreeing the parties' divorce and distributing their property draws into question the propriety of the earlier non-final orders in this case, including the overruling of his exceptions. Pa.R.A.P. 341, Note; ***K.H. v. J.R.***, 826 A.2d 863, 870-71 (Pa. 2003).

[2] The last day upon which Husband could have filed his appeal was July 15, 2022.  Pa.R.A.P. 903(a) (setting forth 30-day appeal deadline).  Husband mailed his notice of appeal to the Prothonotary of the Pennsylvania Supreme Court on July 15, 2022, and the notice was stamped as received on July 19, 2022.  The notice of appeal was required to be filed in the trial court, but, pursuant to the Judicial Code and our appellate rules, we use the date when it was received in our Supreme Court as the date of filing.  42 Pa.C.S. § 5103; Pa.R.A.P. 902(a); Pa.R.A.P. 905(1)(1), (4).  Nevertheless, we may not use the date that Husband mailed the notice of appeal as the file date.  Pa.R.A.P. 905(a)(3) (date that clerk receives notice of appeal "shall constitute the date when the appeal was taken").  Therefore, Husband's notice is deemed to have been filed on the date of receipt, July 19, 2022, four days past the appeal deadline.

On September 20, 2022, this Court issued a rule to show cause order directing Husband to file a response indicating why his appeal should not be quashed as untimely filed.  Husband filed a response, in which he stated that he went in person to the trial court on July 15, 2022, he was prevented from making the filing by courthouse staff and escorted from the building, and he then mailed his notice on that same day to our Supreme Court.  Further investigation by this Court revealed that Husband was not able to file the notice because he refused to file *in forma pauperis* paperwork or pay a filing fee at that time.  This Court discharged the rule to show cause through an October 20, 2022 order and referred this issue to the panel deciding the merits of the appeal.

*(Footnote Continued Next Page)*

Prior to reaching the merits of this appeal, we must address the question—raised by Wife in applications to dismiss and in her appellate brief and noted by the trial court in its Pa.R.A.P. 1925(a) opinion—of whether Husband's failure to comply with our Rules of Appellate Procedure requires dismissal of this appeal or waiver of all his appellate issues. Wife argues that Husband's concise statement of errors complained of on appeal filed pursuant to Rule 1925 "takes issue with every possible item that he could think of that relates in any way to this case, and sets them forth in a defamatory, incoherent rant." Wife's Brief at 5. Noting that the concise statement was replete with personal attacks on herself, the trial court, the master, and others involved in the case, Wife contends that Husband's statement "fails to identify

---

We conclude that Husband has asserted grounds for allowance of his appeal *nunc pro tunc*. An appeal may be permitted *nunc pro tunc* where the appellant shows that (1) the appeal was filed late as a result of non-negligent circumstances, including a breakdown in the court's operations, (2) the notice of appeal was filed shortly after the expiration date, and (3) the appellee was not prejudiced by the delay. *Vietri ex rel. Vietri v. Delaware Valley High School*, 63 A.3d 1281, 1284 (Pa. Super. 2013). A breakdown occurred here where Husband appeared to file his notice of appeal and was only prevented from doing so as a result of a disagreement with court staff regarding the payment of the fee. Pa.R.A.P. 902(b) (failure to take any step, aside from the filing of a timely notice of appeal, will not provide grounds for dismissal of the appeal); *First Union National Bank v. F.A. Realty Investors Corp.*, 812 A.2d 719, 722-23 (Pa. Super. 2002) (holding that appeal filed within allotted time period but without payment of requisite fee or attempt to obtain *in formal pauperis* status was valid; "the perfection of the appeal does not depend in any way on the payment of the filing fee"). Furthermore, the appeal was promptly filed after the expiration date when Husband mailed it on that day to our Supreme Court and it was received four days later. Finally, there is no allegation that Wife was prejudiced by the very short delay in the filing of the appeal.

each error with sufficient detail or clarity that allows a response" and that it raises an "outrageous" number of issues. *Id.* at 6.

Wife further argues that Husband failed to comply with the briefing requirements set forth in Chapter 21 of the Rules of Appellate Procedure, asserting that his "almost 400-page brief is a diatribe of accusations and defamatory statements," including only Husband's version of the facts and procedural history without any citations to the record or correspondence to what actually occurred in this case. *Id.* Wife notes that Husband includes numerous attachments to his brief that are irrelevant to this appeal and were not introduced as exhibits in the lower court. *Id.* at 6-7. According to Wife, Husband's brief contains no citations to pertinent legal authority, and it is simply "a compilation of redundant and incoherent thoughts that leave [Wife] unable to appropriately and effectively respond." *Id.* at 7. Wife contends that, notwithstanding Husband's *pro se* status, it is impossible to discern from his concise statement and brief what issues he seeks to raise, and therefore dismissal of his appeal or waiver of all his appellate issues is required. *Id.* at 9-10.

We first address Wife's arguments related to the deficiencies in Husband's appellate brief. Pursuant to our appellate rules, an appellant's brief must be divided into various prescribed sections, including a statement of the questions involved, statement of the case, summary of the argument, and argument. Pa.R.A.P. 2111(a)(4), (5), (6), (8). An appellant must comply with the strictures of our appellate rules regarding the composition of his brief

or risk quashal or dismissal of his appeal. Pa.R.A.P. 2101 ("[I]f the defects are in the brief . . . of the appellant and are substantial, the appeal . . . may be quashed or dismissed."); ***Smithson v. Columbia Gas of PA/NiSource***, 264 A.3d 755, 760-61 (Pa. Super. 2021) (dismissing appeal where defects in appellant's brief foreclosed any possibility of appellate review); ***Elliot-Greenleaf, P.C. v. Rothstein***, 255 A.3d 539, 541-42 (Pa. Super. 2021) (quashing appeal based upon "serious inadequacies" in appellant's brief).

As relevant to this specific case, we note that the statement of questions involved "must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail." Pa.R.A.P. 2116(a). The statement of the case shall include the procedural history of the case, discussion of the determinations under review, and a condensed chronological narrative of the facts of the case with appropriate reference to the record, but this section "shall not contain any argument" and instead must communicate "a balanced presentation of the history of the proceedings and the respective contentions of the parties." Pa.R.A.P. 2117(a)(1), (2), (4), (b). Furthermore, the argument section "shall be divided into as many parts as there are questions to be argued," with distinctively displayed headings "followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). The appellant must also include "a concise, but accurate, summary of the arguments presented" in the summary of argument section of the brief. Pa.R.A.P. 2118.

As Husband is representing himself in this appeal, we observe that, although this Court will construe the materials filed by a *pro se* litigant liberally, *pro se* status confers no special benefit upon an appellant. ***Smithson***, 264 A.3d at 760; ***Norman for Estate of Shearlds v. Temple University Health System***, 208 A.3d 1115, 1118 (Pa. Super. 2019). A "*pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court," and we must not act as an appellant's counsel. ***Smithson***, 264 A.3d at 760-61; ***see also In re deLevie***, 204 A.3d 505, 511 (Pa. Super. 2019). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Norman***, 208 A.3d at 1118-19; ***see also Smithson***, 264 A.3d at 761.

Upon review of Husband's appellate brief, we agree with Wife that the defects of the brief are so numerous and fundamental so as to preclude our ability to effectively address his appeal. Husband does include a statement of the case in his brief, but this section lacks a procedural history of the case and information regarding the determinations for which he seeks review, and his discussion of the factual background is riddled with argumentative assertions and rehashing of the events that led to his separation from Wife. Pa.R.A.P. 2117(a)(1), (2), (4), (b); Appellant's Brief at 14-17. Husband's brief lacks an argument section entirely, and his summary of the argument section does not concisely summarize any argument that he seeks to raise but instead only identifies general topics that he appears to seek that this Court address.

Pa.R.A.P. 2118, 2110; Appellant's Brief at 5 ("DISABILITY FEDERAL PROPERTY RIGHT, ADA RIGHTS, SUPPORT OBLIGATIONS, FRAUD[,] MALICIOUS ABANDONMENT, EXPLOITATION, EXTORTION . . .").

Husband does present some semblance of argument across the 33 questions and numerous additional sub-questions in the statement of questions section of the brief, but his contentions are repetitive and fail to identify with any clarity the specific trial court errors of which he complains. **See** Pa.R.A.P. 2116, Note ("[A] party should draft the statement of questions involved accordingly, with sufficient specificity to enable the reviewing court to readily identify the issues to be resolved while incorporating only those details that are relevant to disposition of the issues."). Even if we were to treat the statement of questions as his argument section, Husband would still fall short of the strictures of our appellate rules as the issues are poorly developed and devoid of any discussion of pertinent legal authority. Pa.R.A.P. 2119(a), (b); **see also Elliot-Greenleaf**, 255 A.3d at 542 ("The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority.") (citation omitted). Viewing Husband's brief as a whole, we are constrained to conclude that the deficiencies are so substantial to require our dismissal of this appeal. Pa.R.A.P. 2101; **Smithson**, 264 A.3d at 760-61; **Elliot-Greenleaf**, 255 A.3d at 541-42.

Even if we did not find that dismissal of this appeal was warranted based upon the defects in Husband's appellate brief, we would find that Husband

waived all of his appellate issues due to his failure to comply with Rule of Appellate Procedure 1925(b). Husband's obligation to file a Rule 1925(b) concise statement was triggered when the trial court issued an order on August 15, 2022 directing him to do so. Pursuant to this rule, Husband was thus required to file a concise statement that "concisely identif[ies] each error that [he] intend[ed] to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii); **see also** Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not raised in accordance with the requirements of Rule 1925 are deemed waived). "[A] concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all." **Commonwealth v. Price**, 284 A.3d 165, 170 (Pa. 2022) (brackets and citation omitted); **see also Satiro v. Maninno**, 237 A.3d 1145, 1150 (Pa. Super. 2020).

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

**Satiro**, 237 A.3d at 1150 (quoting **Lineberger v. Wyeth**, 894 A.2d 141, 148 (Pa. Super. 2006)).

A concise statement may also be found wanting when it includes too much information. Rule 1925 directs the appellant that his filing must not be "redundant or provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(iv). Furthermore, this Court has found waiver where an appellant

has filed a "voluminous" concise statement that raises an "outrageous" number of issues. ***See, e.g.***, ***Satiro***, 237 A.3d at 1150-51 (finding that the appellant waived his appellate issues where he raised 29 issues in his concise statement).

> [T]his Court has held that when appellants raise an outrageous number of issues in their 1925(b) statement, the appellants have deliberately circumvented the meaning and purpose of Rule 1925(b) and have thereby effectively precluded appellate review of the issues they now seek to raise. We have further noted that such voluminous statements do not identify the issues that appellants actually intend to raise on appeal because the briefing limitations contained in Pa.R.A.P. 2116(a) makes the raising of so many issues impossible. Further, this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues.

***Id.*** (citations, quotation marks, and brackets omitted).

Here, Husband's concise statements[3] suffer the flaws of being both too voluminous and also too vague to allow the trial court to ascertain the issues

_____

[3] Husband filed two concise statements in this matter. Husband's initial September 6, 2022 was timely filed within 21 days of the trial court's August 15, 2022 order, but he filed the statement in this Court rather than in the lower court. In its September 9, 2022 Pa.R.A.P. 1925(a) opinion, the trial court found that Husband waived his appellate claims due to his failure to file a concise statement. Trial Court Opinion, 9/9/22, at 2-3. In our September 20, 2022 rule to show cause order, we directed Husband to indicate why his appeal should not be dismissed for waiver of all his issues. In light of Husband's response to the rule to show cause in which he indicated that he served the concise statement on the trial court by mail and our further review of the trial court's August 15, 2022 order that was ambiguous as to the court in which the concise statement was to be filed, we discharged the rule to show cause. In a subsequent December 29, 2022 order, we directed Husband to file and serve a concise statement with the trial court by January 3, 2023. Husband complied with this directive, filing a supplemental statement, which
*(Footnote Continued Next Page)*

Husband sought to raise. Husband's initial September 6, 2022 statement contains factual allegations of error stretching over 33 paragraphs and sub-paragraphs, and his supplemental January 3, 2023 statement contains one additional paragraph. Furthermore, many of the paragraphs in the statements are not restricted to a single issue; for example, the paragraph in the January 3rd statement, which stretches over a full-page in single-spaced type, identifies numerous potential issues, including fraud, judicial misconduct, misconduct by Wife's counsel, and due process and equal protection violations. Rule 1925(b) Statement, 1/3/23, ¶3.

Husband's Rule 1925(b) statements also failed to identify specific trial court errors and were insufficient given the imprecise and sometimes unintelligible language that employed in the statements and the numerous objections to the proceedings below based upon outlandish and nonsensical legal theories. *See, e.g.*, *id.* ("[The presiding judge] went on to engage in full retaliation against [Husband] attempting to unlawfully exploit[,] extort[,] asset strip, and force [Husband] into peonage []and debt slavery by his null, [] void, contemptuous, and repugnant orders . . ."); Rule 1925(b) Statement, 9/6/22, ¶4 ("The actors in this court continue to violate `[Husband's] civil rights in disability' in continuing to hide exculpatory evidence of my now 8

---

attached and incorporated his earlier statement and raised additional issues. On January 17, 2023, the trial court filed a supplemental Rule 1925(a) opinion, in which it concluded that Husband waived his appellate issues based upon his failure to adhere to the applicable appellate rules. Trial Court Opinion, 1/17/23, at 2-3.

certified disabilities in Brady vs Maryland type violations."); *id.* ¶21 ("[Husband] was not physically competent to participate in the Star Chamber hearing of [the] divorce Master . . . The whole hearing was [a] predetermined sham . . . to further injure innocent disabled [Husband] in ill will, bias, and partiality . . .").

The trial court found that the numerous paragraphs of Husband's concise statement lacked "sufficient detail" and were "not discernable to the point that" the court could not meaningfully respond and that Husband fell back on "the familiar accusations of wrongdoing that [he] has levied against this court for the last five years in multiple filings." Trial Court Opinion, 1/17/23, at 2-3. The trial court then noted that Husband did appear to take issue with the court's rulings overruling his exceptions to the master's report and recommendations, and thus the court relied on its earlier opinion addressing the exceptions to the extent necessary for appellate review. *Id.* at 3. Notwithstanding the trial court's efforts to discern Husband's appellate issues, we agree with its conclusion that Husband forfeited review of any issues due his non-compliant concise statements. *See Satiro*, 237 A.3d at 1151 (holding that Rule 1925(b) statement was "so voluminous and vague" that meaningful appellate review was precluded, issues were accordingly waived, and trial court's attempt to decipher issues did not rescue appellant from finding of waiver).

Accordingly, we conclude that Husband's brief failed to comply with our appellate rules to a degree that requires dismissal of this appeal.

Furthermore, even if we did not dismiss this appeal, we would concur in the trial court's judgment and affirm on the grounds that Husband waived his appellate issues through filing of his deficient concise statements.[4]

_____

[4] In addition, to the extent that any issues Husband intends to raise could possibly be discerned, we would also find that they lack merit. Husband objects to the trial court's adoption of the master's recommendation that he had a monthly earning capacity, including rental income and potential wages or salary, of $2,606.49; he appears to assert that this finding was barred by the Social Security Administration's determination that he was totally disabled. Such an argument, however, ignores the fact that, in domestic relations matters, a trial court is not bound by a finding of a spouse's earning capacity in an administrative proceeding as to which the other spouse was not a party. *Ewing v. Ewing*, 843 A.2d 1282, 1286-87 (Pa. Super. 2004). Husband also takes issue with the trial court's determination of Wife's monthly earning capacity as $852 per month, the adoption of Wife's expert's valuations of the couple's properties, and that any amount on the home equity line of credit above $98,275 constituted non-marital debt attributable solely by Husband. However, these findings are supported by the record and the trial court's credibility determinations. N.T., 6/14/21, at 125-30, 202, 226-27; N.T., 7/28/21, at 9-17, 66-71; Wife's Exhibits 1, 2, 9, 12, 15, 22; Trial Court Opinion, 6/15/22, at 3-4, 6. As such, we cannot reverse these findings on appeal. *Brubaker v. Brubaker*, 201 A.3d 180, 184 (Pa. Super. 2018) ("[I]t is within the province of the trial court to weigh the evidence and decide credibility [when fashioning an equitable distribution award,] and this Court will not reverse those determinations so long as they are supported by the evidence.") (citation omitted). Finally, Husband has not raised any plausible allegations of judicial misconduct or conflict of interest that would have required the recusal of the judge presiding over the proceedings below.

- 14 -

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/21/2023