J-A16012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MICHELLE MOORE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK HERNANDEZ | : | |
| | : | |
| Appellant | : | No. 2227 EDA 2024 |

Appeal from the Order Entered July 22, 2024
In the Court of Common Pleas of Monroe County Civil Division at No(s):
000790-CV-2021

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and KING, J.

JUDGMENT ORDER BY LAZARUS, P.J.:          **FILED NOVEMBER 4, 2025**

Mark Hernandez (Husband) appeals from the order, entered in the Court of Common Pleas of Monroe County, denying his exceptions to the divorce master's report and recommendation.  After careful review, we quash.

Husband and Michelle Moore (Wife) (the parties) were married on September 16, 2009.  The parties separated on August 28, 2020, and Wife filed a complaint in divorce on February 16, 2021 seeking equitable distribution, counsel fees, and alimony *pendente lite*.  On June 14, 2023, Wife filed for the appointment of a divorce master, and the trial court issued an order appointing a divorce master and scheduling a hearing.  On September 22, 2023, Husband filed a counterclaim to Wife's complaint in divorce, requesting equitable distribution of marital property, counsel fees, spousal support, alimony *pendente lite*, and alimony.  After the hearing, the divorce master issued his report and recommendation on October 31, 2023.

On November 20, 2023, Husband filed exceptions to the divorce master's report and recommendation. Wife also filed exceptions on December 4, 2023. The trial court held oral arguments on March 22, 2024 before denying both parties' exceptions on July 22, 2024. Husband then timely appealed. Husband and the trial court have complied with Pa.R.A.P. 1925. On appeal, Husband presents the following issues for our review:

1. Did the trial court abuse its discretion in awarding Wife 68% of the parties' marital estate, including 100% of the value of her 401(k), when this award is based solely on Husband's status as a beneficiary of three non-marital trusts, which the trial court found was an intentional misapplication of the law but did not correct, and is further unwarranted because Husband is not entitled to receive any outright distributions from these trusts during his lifetime, his ability to receive distributions is left solely to the discretion of the trustee, the trustee stopped making distributions to Husband in February of 2021, and there was no evidence that Husband can expect to receive any further distributions?

2. Did the trial court abuse its discretion in failing to compensate Husband for his contributions to Wife's increased earning power, by awarding Husband a greater portion of the marital estate and/or alimony, when it is undisputed that Husband paid off a portion of Wife's student loan debt and made other contributions through the marriage to increase Wife's earning power but Husband's investment in Wife's increased earning power was not realized during the marriage through acquired marital property or enhanced support?

3. Did the trial court abuse its discretion in characterizing the $58,000.00 provided by Husband's mother toward the purchase of the marital residence as a gift, rather than as a loan, in failing to include the $50,000.00 remaining due on this loan as part of the parties' marital debt, and in failing to allocate the repayment of this debt between the[] parties when Husband's mother testified that she did not sign the Gift Certification, did not file a gift tax return declaring the transfer to be a gift, and Husband repaid $8,000.00 of the monies years before the parties separated?

4. Did the trial court abuse its discretion in denying Husband's request for alimony, based primarily on the fact that Husband remains a beneficiary of three non-marital trusts, when the trial court did not seriously consider the most significant alimony factors, including the facts that Wife earns three times as much as Husband, Husband contributed to Wife's increased earning power, and Wife was awarded at least 68% of the marital estate in equitable distribution?

Appellant's Brief, at 4-5.

First, we must address whether the July 22, 2024 order denying the parties' exceptions is a final, appealable order that invokes this Court's jurisdiction. **See** Pa.R.A.P. 341(a); **see also Linde v. Linde**, 222 A.3d 776, 782 (Pa. Super. 2019) ("the question of appealability implicates the jurisdiction of this Court[, and the issue] may be raised [] *sua sponte*").

An order that dismisses exceptions to a divorce master's report and recommendation but does not enter a final decree of equitable distribution is not a final, appealable order. **Reed v. Reed**, 511 A.2d 874, 877 (Pa. Super. 1986); **see also Crawford v. Crawford**, 319 A.3d 37, at *2 (Pa. Super. 2024) (Table)[1] (order dismissing exceptions to special master's report and recommendation but not entering final decree of equitable distribution not final).

Here, in its July 22, 2024 order, the trial court did not indicate that it approved the divorce master's distribution scheme or order the final distribution of the parties' assets. The July 22, 2024 order, therefore, is not

---

[1] **See** Pa.R.A.P. 126(b) (unpublished, non-precedential memorandum decisions of this Court filed after May 1, 2019 may be cited for their persuasive value).

a final, appealable order. **See Reed**, **supra**. Accordingly, we quash Husband's appeal and remand this case to the trial court for entry of a final order of equitable distribution and divorce decree.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/4/2025